UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

ORBIT MARKETING, LLC,
dba CLIMAX SOLAR,
dba CLIMAX ELECTRICAL SERVICE,
dba OPTION 1 GENETICS,

          Debtor.

Case No. 24-01123-swd
Chapter 7
Hon. Scott W. Dales

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

Chapter 7 trustee Kelly M. Hagan (the "Trustee") filed her *Ex-Parte* Motion for the Production of Documents and Examination Pursuant to Rule 2004, F.R.Bankr.P. (ECF No. 263, the "Motion").  An *ex parte* motion invites more scrutiny than a motion on notice because the process necessarily excludes at least half of the universe of interested parties from participating in the court's decision, even when the decision may impose obligations or burdens on the non-participating parties.   The Trustee's current Motion illustrates the point.

The Trustee seeks an order compelling several non-debtor entities to appear for examination and produce documents in response to subpoena. Both forms of relief entail burdens the court considers potentially substantial, or at least not insubstantial.  Presumably before and during testimonial examination a deponent would seek the advice and assistance of counsel, with attendant costs.  Similarly, before producing documents, a prudent actor would likely seek legal advice. Regardless of the involvement of counsel, producing documents requires time and attention.

Historically, the court has permitted trustees to examine debtors on *ex parte* motion under Rule 2004, given that (1) debtors should expect such an examination, especially in a complex case; (2) LBR 2004 requires an element of cooperation; and (3) the advisory committee notes to Rule 2004 contemplate *ex parte* relief.  *See* Fed. R. Bankr. P. 2004 (Notes of Advisory Committee on Rules—1983).

The court, however, has hesitated to impose testimonial obligations on non-debtors without at least affording them an opportunity to be heard before requiring the testimony. The scope of a Rule 2004 examination, while broad, is not unlimited, and questions about the breadth of questioning frequently arise.  In addition, our local rules expect a movant to take steps to secure a witness's consent to a Rule 2004 examination.  *See* LBR 2004(a). In the absence of consent, and as a prerequisite to compelled examination, our local rule requires the moving party to include in the motion "a specific description of the efforts made and the proposed date, time, and place for the examination."  LBR 2004(b).[1]

The Trustee's Motion does not include such a recitation and therefore does not merit an order compelling any of the proposed deponents to sit for examination.

The court, however, has taken a different tack with respect to the production of documents under Rule 2004 when the movant expresses an intent to issue a subpoena with the attendant protections of Rule 45 (which applies under Rule 9016).  Because the court regards the production of documents as less burdensome, typically, than testimonial examination, and because Rule 45(d) affords the target of a subpoena *duces tecum* a simple means for avoiding a burdensome request – including a process that requires court intervention before any allegedly objectionable production

---

[1] Our local rule, which focuses on the proposed examination, makes no similar provision for document production.

– the court has acquiesced in *ex parte* motions seeking authority to issue a subpoena *duces tecum* under Rule 2004.  Fed. R. Civ. P. 45(d)(2).

For the foregoing reasons, the court will deny the Motion to the extent the Trustee seeks to require any of the proposed deponents to sit for examination but will grant the Motion to the extent she seeks to authorize a subpoena seeking production of documents under Rule 45. The Trustee may renew her request to require an examination under Rule 2004 after complying with LBR 2004.

Nothing in this Order should be construed as discouraging the proposed deponents from cooperating with the Trustee in the performance of her investigative and other duties under the Bankruptcy Code, as LBR 2004 expects.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 263) is GRANTED in part and DENIED in part (without prejudice) as provided herein.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Kelly M. Hagan, Esq., chapter 7 trustee, Kevin Smith, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 7, 2025**



Scott W. Dales
United States Bankruptcy Judge