UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:
ORBIT MARKETING, LLC,

DEBTOR.

CASE NO. 24-01123-SWD
CHAPTER 7
HON. SCOTT W. DALES

**JEFFREY D. MAPES (P70509)**
**JACOB M. SATIN (P80149)**
Assistant Attorneys General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632

**KEVIN M. SMITH**
Attorney for Kelly M. Hagan, Chapter 7 Trustee
BEADLE SMITH, PLC
P.O. Box 610305
Port Huron, MI 48061
(586) 850-1492
/

**ORDER REGARDING APPLICABILITY OF AUTOMATIC STAY TO STATE ENFORCEMENT ACTION**

Upon consideration of the parties' Stipulation for Entry of Order Regarding Applicability of Automatic Stay to State Enforcement Action, and the Court being otherwise fully advised, IT IS ORDERED:

1. Subject to the limitations in this Order, the automatic stay arising under 11 U.S.C. § 362(a) does not prohibit the State from commencing or continuing People of the State of Michigan v. Orbit Marketing, LLC d/b/a Climax Solar, et al., Case No. 1:26-cv-02084, in the United States District Court for the Western District of Michigan (the "Enforcement Action"), as an exercise of its police and regulatory power under 11 U.S.C. § 362(b)(4), including by:
    a. seeking a determination of Orbit's liability;
    b. seeking declaratory, injunctive, record-preservation, and other nonmonetary relief consistent with this Order;
    c. seeking entry of an order or judgment determining and liquidating the amount of any restitution, civil penalties, costs, or other monetary relief against Orbit; and
    d. prosecuting claims and seeking relief against nondebtor defendants, subject to any other applicable stay or injunction.

2. The State shall not, without further order of this Court or authority provided through the bankruptcy claims and distribution process, enforce, execute on, collect, or otherwise seek payment or satisfaction of any monetary judgment or award against Orbit or property of Orbit's bankruptcy estate. This restriction includes execution, attachment, garnishment, levy, turnover, or any similar collection process.

3. Unless and until this Court authorizes otherwise, the purpose and effect of any monetary judgment entered against Orbit in the Enforcement Action shall be limited to determining and liquidating the amount of the State's asserted claim.

4. This Order does not allow or disallow any claim against Orbit's bankruptcy estate and does not determine the timeliness, priority, amount, treatment, distribution, or payment of any such claim. The State reserves all rights to assert claims and seek relief in this bankruptcy case, and the Trustee reserves all objections and defenses to those claims and requests for relief.

5. This Court retains jurisdiction to interpret and enforce this Order.

**END OF ORDER**

Prepared by:
Jeffrey D. Mapes (P70509)
Assistant Attorney General
Michigan Department of Attorney General
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7632

**IT IS SO ORDERED.**

**Dated September 2, 2026**

Scott W. Dales
United States Bankruptcy Judge